STATE BOARD OF EXAMINERS IN LAW v. JOHN T. BYRNES.[1]

January 25, 1907.

Nos. 14,682—(8).

**Disbarment of Attorney.**

    *Held*, that the respondent is guilty of wilful misconduct in his office of attorney and counselor at law in the respects stated in the opinion, and that he be disbarred.

Order issued from the supreme court upon the accusation and petition of Eli Southworth, as secretary of the state board of examiners in law, requiring defendant, an attorney at law, to show cause why he should not be disbarred for professional misconduct. Order of judgment of disbarment.

*E. Southworth,* for petitioner.

*Childs & Edgerton,* for respondent.

PER CURIAM.

    This is a proceeding instituted in this court upon the petition of the secretary of the state board of law examiners for the removal of the respondent, John T. Byrnes, from his office as an attorney and counselor at law for wilful misconduct in his profession. The respondent answered, putting in issue the allegations of the petition, and a referee was appointed to take and report the evidence to the court. The matter was submitted to the court upon the evidence so taken and the briefs and arguments of counsel.

    1. One of the charges made against the respondent is to the effect that in March, 1899, his client, Hans Hanson, was the owner of a farm, subject to a mortgage and the lien of several judgments on a part of it, one in favor of Peter Olson, which was the first lien on the land after that of the mortgage, and another judgment was in favor of William Kruger, the lien of which was subordinate to the lien of the Olson judgment; that the mortgage had been foreclosed by advertisement, but the foreclosure was invalid, for the reason that the mortgage had been incorrectly recorded; that the respondent

[1] Reported in 110 N. W. 341.

was employed by Hanson as his attorney and counsel in all matters and controversies relating to his farm, the mortgage, and judgments thereon; that during the term of such employment the respondent advised Hanson that it was necessary for the protection of his interests to pay or buy the Olson judgment; that Hanson furnished the means to pay or buy the judgment to respondent, who secured an assignment of the judgment from Olson to James Mahoney, the father-in-law of the respondent; and that such assignment was procured for the benefit of the respondent, who caused execution to be issued on the judgment and the land to be sold to Mahoney at the execution sale for the interest and benefit of himself, all of which was done without the knowledge of his client, Hanson, whereby Mahoney, for respondent's benefit, became the owner of the land subject to the mortgage.

In connection with this charge the petition alleges other wilful misconduct as a lawyer by the respondent, in that he procured an assignment of the judgment from Olson without consideration and by fraud, and, further, that he was guilty of professional misconduct in his relations with Charles H. Dart, who, upon respondent's advice, secured an assignment of the Kruger judgment and purchased the land at an execution sale pursuant to the judgment. See Dart v. Richardson, 96 Minn. 249–251, 104 N. W. 1094. The evidence relevant to the charge against the respondent of professional misconduct in his relations with his client, Hans Hanson, is voluminous and in some respects complicated and conflicting. We have, however, fully considered it and the briefs of the counsel, with a full appreciation of the gravity of the charge, and have reached the conclusion that the charge is sustained by the evidence.

2. Another charge against respondent is that in February, 1903, James McElroy, a resident of the state of Iowa, employed him as an attorney to bring an action in the district court of the county of Meeker, this state, in his (McElroy's) favor against the firm of Peterson Bros.; that by agreement of the parties the respondent was to receive $100 for his fees if the case was tried, and $50 if it was settled; that he falsely wrote to his client that he would have to give a cost bond for $125, and requested his client to send to him that amount of money and he would get his friends to give the bond, well knowing that

the statute in such a case required a bond for $75 only; that his client thereupon sent to him the $125, and he gave a cost bond for $75; that the action was dismissed, and judgment entered against his client for $9.80 costs; and, further, that the respondent has not paid the judgment nor accounted for the money so received. The charge is clearly sustained by the evidence. The statute (G. S. 1894, § 5518) fixed the amount of the cost bond at $75. The respondent, well knowing this, wrote his client and falsely represented that $125 was the amount required, and by this false pretense he secured from his client $50 more than he was entitled to receive.

3. Another charge alleged in the petition against the respondent is to the effect that in August, 1899, the respondent was employed by John Teberg to settle and procure a release of a judgment against him by a third party; that the respondent falsely reported to his client that the release could be procured for $500, and for not less than that amount; that Teberg then directed the respondent to settle the judgment for that amount and gave him the $500 for that purpose; that in fact the respondent had, when he so reported to his client, agreed with the judgment creditor to release the judgment for $400; and that it was settled and the release obtained by the respondent for $400, and no more. It is not controverted that the judgment was settled for $400, and the release sent to the local bank, to be delivered on payment of that amount. The respondent, however, claimed that Teberg was owing him for other services and agreed to pay $100 in settlement thereof, but was unwilling to pay it until the judgment was satisfied of record; hence $500 was paid to the bank, the release delivered, and, after the judgment was discharged of record, the extra $100 left with the bank was paid to the respondent. This was denied by Teberg. The testimony of the respective parties on the question whether Teberg knew that the release of the judgment called for only $400, and that the extra $100 was to be given to the respondent when the judgment was released, was radically conflicting. The testimony of Teberg is corroborated in some important particulars by other witnesses, and upon the whole evidence we hold that this charge is sustained.

4. The petition made several other specific charges of professional misconduct against the respondent. While the evidence given in sup-

port of such charges indicates that the respondent has only a slight appreciation of the duty and obligations of a lawyer always to conduct himself with all good fidelity to his client, yet we are of the opinion that the evidence is not sufficient to establish, clearly and fully, the guilt of the respondent of any of the other charges.

5. We find the respondent guilty of wilful misconduct in his profession in the cases we have indicated. Therefore it is ordered that the respondent, John T. Byrnes, be absolutely disbarred and removed from his office of attorney and counselor of the courts of this state.

Let judgment be so entered.